# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1714

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | Appeal from the United States |
| Appellee, | * | District Court of the Northern |
| v. | * | District of Iowa. |
| | * | |
| Adam Sharkey, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: October 22, 2003

Filed: January 29, 2004

_____

Before RILEY, BEAM, and SMITH, Circuit Judges.

_____

PER CURIAM.

Adam Sharkey appeals the revocation of his supervised release and the thirty-month imprisonment sentence imposed by the district court[1] upon revocation. Because the district court did not abuse its discretion in acting within the statutory guidelines, we affirm.

In 1996, Sharkey pleaded guilty to conspiracy to distribute and possession with intent to distribute over five grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 846. The district court sentenced Sharkey to 70 months' imprisonment and

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

five years' supervised release. He served his prison sentence and was placed on supervised release in 2001. During Sharkey's supervised release revocation hearing, he admitted that he was unsuccessfully discharged from several drug treatment programs; he failed to comply with drug testing by missing five scheduled urinary analyses; he used illegal drugs, testing positive eight times for cocaine and four times for marijuana; and was arrested twice–once for driving while license under suspension and disorderly conduct, and once for interference with official acts and driving while license under suspension.

The district court revoked Sharkey's supervised release and sentenced him to thirty months' imprisonment followed by twelve months' supervised release. Sharkey appeals, asserting that the district court abused its discretion by revoking Sharkey's supervised release rather than extending it and modifying its conditions. Alternatively, Sharkey contests the length of imprisonment imposed.

When a district court imposes a revocation sentence within the statutory limits of 18 U.S.C. § 3583(e), the appellate court will not disturb that sentence absent an abuse of discretion. United States v. Grimes, 54 F.3d 489, 492 (8th Cir. 1995). Sharkey does not dispute that the district court's sentence is within the statutory maximum allowed for revocation. See 18 U.S.C. § 3583(e)(3). The district court did not abuse its discretion by revoking Sharkey's supervised release and imposing a thirty-month sentence. Sharkey's violations of the terms of his supervised release provide ample support for the court's action. The court recognized that there were no further resources in the community to offer Sharkey and the best thing to do for him was to get him back into the Bureau of Prisons residential drug abuse treatment program. The court's hope was that this sentence would help Sharkey hone his skills in treatment in order to stay clean and sober.

Accordingly, we affirm the judgment of the district court.

_____